MARY R. HUNT, Respondent, *v.* HORACE HUNT et al., Appellants.

(Argued June 19, 1874; decided September 22, 1874.)

THIS action was brought upon the bond of a special guardian, appointed in proceedings under the statute, for the sale of the real estate of plaintiff, then an infant. (Reported below, 1 N. Y. S. C. [T. & C.], Ad. 6.)

The principal question discussed was as to the interpretation of the contract of sale, which was duly approved by the court. By it, the guardian agreed to sell the infant's interest in the land in question for $5,500, to be paid or secured as follows: First. The purchaser was to pay to plaintiff's mother the value of her dower right in the premises. Second. To procure a discharge and release of the infant and the estate of her father of and from a bond given by him for money loaned to purchase the land in question, and which he had agreed to secure by a mortgage thereon, but which, on account of his sickness and death, had not been executed. Third. To pay, or secure to be paid, the residue for the benefit of the infant; if such discharge is not obtained, then to secure the residue, after deducting the sum payable to said widow, by a mortgage of the land. The court below construed the contract as casting upon the purchaser the liability of procuring the discharge and release above mentioned, in addition to the payment of the $5,500. *Held*, error; that the amount paid for that purpose was to be and was properly deducted from the purchase-price.

There appeared to have been a breach of the condition of the bond, by the failure of the special guardian to make and file a report of the actual disposition of the remainder of the purchase-money, after making the deductions warranted by the agreement. The guardian claimed to have applied it in payment of the debts of the plaintiff's father, of whose estate he was administrator. The court state that there was no warrant for such application without the express authority of the court, as such was not the purpose for which the sale was

ordered, nor did the fund come to his hands in his right as administrator.

*Francis Kernan* for the appellants.

*Scott Lord* for the respondent.

JOHNSON, J., reads for reversal and new trial.
All concur.
Judgment reversed.